Because plaintiff Zuni Tribe of New Mexico had excusably failed to file any timely claims under the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, 25 U.S.C. § 70 et seq, Congress provided (among other things) in a special act (Public Law 95-280, May 15,1978, 92 Stat. 244) that "jurisdiction is hereby conferred upon the United States Court of Claims to hear, determine, and render judgment on any claims of the Zuni Indian Tribe of New Mexico against the United States with respect to any lands or interests therein in the State of New Mexico or the State of Arizona held by aboriginal title or otherwise which were acquired from the tribe without payment of adequate *619 compensation by the United States,” provided that such claims must have accrued on or before August 13, 1946 (the date of enactment of the Indian Claims Commission Act). See Section 2(a) of Pub. L. 95-280, supra.
The present suit was filed under that provision. It concerns the Zuni Indian Reservation in New Mexico which the United States holds in trust for the Zunis. The petition alleges that, prior to August 13, 1946, the United States
used, appropriated, and converted for its own use and benefit or otherwise caused irreparable damage to certain portions of the trust lands and resources or allowed others to do so contrary to the interest of the Zuni Tribe without payment of just and adequate compensation to the Zuni Tribe. Such actions have been accomplished by various means including, but not limited to, appropriating for its own use the resources located on the trust lands; allowing others to use and appropriate the resources located on the trust lands, or otherwise acquiescing in such unauthorized use or taking of the resources; appropriating the use of trust lands for its own benefit in the construction of a dam and reservior; failing to protect the natural vegetation on said trust lands; failing to enforce proper regulations protecting the trust lands; failing to collect adequate and appropriate rentals from lessees of the trust lands; damaging or allowing others to damage portions of such trust lands; and by otherwise acting in a manner detrimental to or failing to act in a manner beneficial to the trust lands or the interests of the Zuni Tribe in such trust lands.
The Government has moved to dismiss the entire petition for lack of jurisdiction on the ground that the special act does not grant us jurisdiction over Zuni claims "for management by the United States of the lands comprising the Zuni Indian Reservation,” but only of claims like those in another Zuni case (No. 161-79L in this court) which seeks damages for the taking of other lands held by aboriginal title (outside the reservation) without payment of adequate compensation.
The fundamental criterion for reading waivers of sovereign immunity, such as this special act, is that the congressional consent to the particular suit must be "clear” and the terms of the consent define the court’s jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). Here, *620 the terms of Section 2 of the special act refer to "any [pre-August 1946] claims” of the Zuni Tribe "with respect to land or interests therein” in New Mexico or Arizona "held by aboriginal title or otherwise” which were acquired from the Tribe "without payment of adequate compensation by the United States.”
These statutory terms define our jurisdiction. They immediately dispose of certain general contentions made by both parties. Defendant says, first, that the Zunis were restricted to aboriginal land claims like those in No. 161-79L, and cannot sue with respect to reservation land. Section 2 of Pub. L. 95-280 demonstrates that this cannot be true because the act speaks specifically of land "held by aboriginal title or otherwise” (emphasis added). Congress clearly wished plaintiff to be able to sue for its aboriginal land claim which it had failed to file with the Indian Claims Commission (now No. 161-79L), but the terms of the statute do not limit the "any claims” (emphasis added) which may be filed to that particular cause of action based on aboriginal ownership. Next, the statute refers to claims "with respect to any lands or interests therein” (emphasis added), and therefore clearly covers, not only full title, but also lesser "interests” in land, such as interests in the land’s resources. Third, the act refers to land acquired without payment of "adequate compensation,” a term which is definitely broad enough to cover constitutional "just compensation” as well as insufficient or imperfect compensation not rising to the constitutional dimension. Finally, the act’s consistent stress on claims for "land” or land "interests” shows that the Tribe cannot sue for non-land-type claims which it might have brought under the Claims Commission Act (e.g., claims respecting tribal funds).[1]
The legislative history does not call for any contraction, expansion, or unusual reading of these terms of the Public Law. Though the committee reports (S. Rep. No. 95-111, 95th Cong., 1st Sess.; H.R. Rep. No. 95-953, 95th Cong., 2d *621 Sess.) emphasize the aboriginal title claim which is set forth in No. 161-79L, the reports never say that that is the only claim covered by the proposed special act, and in their "section-by-section analysis” both reports refer broadly and unqualifiedly to land claims by the Zunis. Consistently, the debates on the House floor refer generally and unqualifiedly to "land” claims as vindicable under the special act. See Cong. Rec., April 18, 1978 (daily ed.) at H2957 (Cong. Sisk, Cong. Lott) and H2558 (Cong. Roncalio, Cong. Lujan, Cong. Johnson).
It follows from the terms and the history of the special act that at least the following aspects of plaintiffs petition appear to be within our jurisdiction under the act: (a) claims that the Federal Government appropriated to its own use, without adequate compensation, resources on the trust lands; (b) claims that the United States allowed others to use or appropriate (without adequate compensation) resources on the trust lands; (c) claims that the United States appropriated the use of trust lands for its own benefit in the construction of a dam and reservoir; and (d) claims that the United States itself damaged portions of the trust lands without payment.
We have greater doubt as to the other claims (in the petition) that (i) the United States failed to protect the natural vegetation on the trust lands, (ii) the United States failed to enforce proper regulation protecting the trust lands; (iii) the United States failed to collect adequate and appropriate rentals from lessees; and (iv) the United States acquiesced in or allowed unauthorized use by others of the trust lands, or acquiesced in or allowed others to damage those lands. The reason for our doubt is that we are uncertain at this stage whether these claims properly state that "lands” or "interests” in land were "acquired” from the Tribe "by the United States” (emphasis added). We do not now dismiss these claims, however, but leave them for future decision when the content of those claims becomes clearer and more precise.
Defendant’s motion to dismiss the petition is denied, without oral argument, for the reasons and under the conditions stated in this order.
*622 Defendant’s motion for rehearing was denied January 15, 1982.

 In that respect, Public Law 95-280 is narrower than Public Law 96-251, 94 Stat. 372 (1980), a special act which expressly allows the Cow Creek Band to file with this court any claim which could have been filed by those Indians with the Indian Claims Commission.